IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT DEVER                                                    PLAINTIFF

      v.          Civil No. 03-5088

THE SHERWIN-WILLIAMS COMPANY                                    DEFENDANT

### ORDER

Now on this 3rd day of January 2006, comes on to be considered **Plaintiff's Motion to Transfer Venue to a More Convenient Forum (document #90)**. Also before the Court is **Defendant's Motion to Dismiss (document #94)** and **Plaintiff's Motion to Reassign Trial Date and Pretrial Deadlines (document #102)**. The Court, being well and sufficiently advised, concludes that plaintiff's motion to transfer venue (document #90) should be **granted**; defendant's motion to dismiss (document #94) should be **denied**; and plaintiff's motion to reassign trial date (document #102) should be **denied as moot.** The Court finds and orders as follows with respect thereto:

    1.   Plaintiff, a resident and citizen of Kentucky, instituted this action alleging that he developed a brain tumor as a result of exposure to chemical agent resistant coating ("CARC") paint products while employed at the Fort Knox Army Base in Kentucky between 1993 and 2000. Plaintiff filed the action in this Court on May 7, 2003, after the one-year statute of limitations had expired in Kentucky.

    2.   Plaintiff named Hill, LHB, the Sherwin-Williams Company ("Sherwin Williams"), and four other companies as defendants,

alleging that they manufactured, sold, distributed or otherwise placed CARC paint products in the stream of commerce knowing that the products contained cancer-causing solvents and chemicals. None of the defendants are incorporated or have principal places of business in Arkansas.

3. On October 3, 2003, the Court dismissed plaintiff's complaint, finding that it lacked personal jurisdiction over any of the defendants. (document #53) On August 23, 2004, the Eighth Circuit Court of Appeals affirmed the Court's finding with regard to four of the defendants but reversed the Court's finding with regard to defendants Hill, LHB, and Sherwin Williams. (document #59)

4. Following the Eighth Circuit's reversal and remand, Hill and LHB filed motions to dismiss for lack of personal jurisdiction. Hill and LHB alternatively move to renew their previously filed motions for summary judgment in which they argued that they never produced CARC paint products. On May 18, 2005, the Court granted the motions to dismiss filed by Hill and LHB.

5. Plaintiffs now move to transfer this matter to the Western District of Kentucky on the basis of forum non conveniens pursuant to 28 U.S.C. § 1404; and, Sherwin Williams, the only remaining defendant moves to dismiss the case against it as the one (1) year Kentucky statute of limitation expired prior to the filing of this action.

6. This Court will first address plaintiff's motion to

transfer venue.

"The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses the action should be tried in another judicial forum." Mizokami Bros. of Arizona v. Mobay Chemical Corp., 660 F.2d 712, 717 (8th Cir. 1981)(quoting Dahl v. United Technologies Corp., 632 F.2d 1027, 1029 (3rd Cir. 1980)). When determining whether to transfer based on the doctrine of forum non conveniens, courts must balance the private interest of the litigants with the public interest of the court. Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Reid-Walen v. Hansen, 933 F.2d 1390, 1393 (8th Cir. 1991); De Melo v. Lederle Laboratories, Div. Of American Cyanamid Corp., 801 F.2d 1058 (8th Cir. 1986).

With respect to this Court's determination on plaintiff's motion to transfer, the following facts are undisputed:

\*   the facts which give rise to this lawsuit occurred in Fort Knox, KY;

\*   the only connection Arkansas has to this litigation is that defendant Sherwin Williams has a service agent in AR and can be found there;

\*   Sherwin Williams also has a service agent in KY and can be found there;

\*   most of the witnesses which may testify are located in KY

or nearby – particularly plaintiff's co-workers, supervisors, and treating physicians; and,

* according to the affidavit of Paul J. Kelley, the attorney for the plaintiff Dever, Kelley is "unaware of any witnesses or evidence located in Arkansas that has any bearing on this case whatsoever."

The defendant does not dispute these facts, but instead argues that the Court should dismiss the action as it is barred by the Kentucky statute of limitations.

Because there is no dispute that each and every relevant factor favors transfer to the Western District of Kentucky under the theory of forum non conveniens, this Court will grant plaintiff's motion to transfer.[1]

7. The Court next turns to the defendant's motion to dismiss and, with respect thereto, notes it is undisputed:

* that if Kentucky law applies, the applicable Kentucky statute of limitations is one (1) year, and expired prior to the initiation of this lawsuit; and,

* that if Arkansas law applies, the applicable Arkansas statute of limitations is three (3) years, and had not expired prior to the initiation of this lawsuit.

The central dispute, therefore, concerns which state's statute

---

[1] A transfer pursuant to the theory of forum non conveniens can occur despite being initiated by the plaintiff, who chose the original forum to begin with. See <u>Ferens v. John Deere Co.</u>, 494 U.S. 516 (1990).

-4-

of limitations should apply -- with Sherwin Williams contending that the Kentucky statute of limitations should apply and the plaintiff contending that the Arkansas statutes of limitations should apply.

This Court believes that, under existing Supreme Court precedent, after a transfer under forum non conveniens, the transferee district court must apply the state law that would have been applied if there had been no change of venue. Van Dusen v. Barrack, 376 U.S. 612 (1964); Ferens v. John Deere Co., 494 U.S. 516 (1990). Further, "[t]his rule applies regardless of which party initiated the change in venue." Thorn v. International Business Machines, 101 F.3d 70,72-73 (8th Cir. 1996)(citations omitted). Thus, whether the case be transferred or not, Arkansas law must be applied to resolve the dispute as to limitations and the Court sees no reason to defer ruling on the motion pending the transfer.

Under Arkansas law, statutes of limitations are generally considered to be procedural in nature and Arkansas applies its own statutes of limitations to cases filed in its courts. *See* Highland Indus. Park, Inc. V. BEI Defense Systems Co., 357 F.3d 794 (8th Cir. 2004). *See also* Gomez v. ITT Educational Services, Inc., 71 S.W.3d 542 (Ark. 2002).[2] The Arkansas three (3) year statutes of

---

[2] In Gomez, the Arkansas Supreme Court explains an exception to the general rule that statutes of limitations are considered procedural. That exception applies when the statute "create[s] a right of action not existing at common law and restrict[s] the time within which [an] action may be brought to enforce the right." 71 S.W.3d at 545. The

limitation should, therefore, apply and Sherwin Williams' motion to dismiss should be denied.

8. Finally, the Court finds that due to the above rulings, **Plaintiff's Motion to Reassign Trial Date and Pretrial Deadlines (document #102)** should be denied as moot.

**IT IS, THEREFORE, ORDERED** that **Plaintiff's Motion to Transfer Venue to a More Convenient Forum (document #90)** should be, and it hereby is, **granted**.

**IT IS ALSO ORDERED** that **Defendant's Motion to Dismiss (document #94)** should be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that **Plaintiff's Motion to Reassign Trial Date and Pretrial Deadlines (document #102)** should be, and it hereby is, **denied as moot**.

**FINALLY, IT IS ORDERED** that the Clerk of Court **transfer** this matter to the **United States District Court for the Western District of Kentucky.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
    JIMM LARRY HENDREN
    UNITED STATES DISTRICT COURT

---

exception is not applicable to the case at bar.